Ross v Landau (2018 NY Slip Op 04169)





Ross v Landau


2018 NY Slip Op 04169


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, LINDLEY, AND WINSLOW, JJ.


626 CA 17-01939

[*1]BELLA ROSS, PLAINTIFF-APPELLANT,
v
AVI LANDAU, DEFENDANT-RESPONDENT. 






MICHAEL J. CROSBY, HONEOYE FALLS, FOR PLAINTIFF-APPELLANT. 


 Appeal from an order of the Monroe County Court (Victoria M. Argento, J.), entered December 7, 2015. The order affirmed a judgment of the Rochester City Court dated May 14, 2015 that dismissed plaintiff's claim for damages in an action involving personal tort. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this small claims action in Rochester City Court (hereafter, trial court), seeking $5,000 in damages from defendant, her neighbor. At trial, plaintiff testified that, approximately two years before she filed the claim, defendant approached her one night while she was shoveling snow and pushed her down without provocation. According to plaintiff, defendant then took her shovel and struck her storm door with it, causing property damage. Plaintiff explained that she did not call the police until two years later because she was afraid of defendant and did not trust the police. Defendant also testified, and denied having any altercation with plaintiff and causing any damage to her property. A woman who lives with defendant corroborated his testimony, adding that plaintiff's storm door had been broken for more than 10 years.
The trial court dismissed the claim, crediting the testimony of defendant and his witness and determining that "this incident as alleged never occurred and that the Defendant never assaulted or harassed the Plaintiff [on the date in question] or damaged any of her property." The trial court further concluded that plaintiff in any event had failed to provide sufficient proof of her damages. On plaintiff's appeal of the trial court's judgment, County Court affirmed, writing that this case "primarily involves a credibility issue and this Court is in no position to overturn the determination made by the trial court[,] which had the advantage of having seen and heard the witnesses." County Court concluded that, based on its review of the record, "it cannot be said that the judgment was so shocking as not to be substantial justice,' " citing Coppola v Kandey Co. (236 AD2d 871, 872 [4th Dept 1997]). Plaintiff appealed as of right once again (see CPLR 5703 [b]), and we now affirm.
Contrary to plaintiff's contention, County Court did not apply the incorrect standard of appellate review. "Appellate review of small claims is limited to determining whether substantial justice has not been done between the parties according to the rules and principles of substantive law' " (Rowe v Silver & Gold Expressions, 107 AD3d 1090, 1091 [3d Dept 2013], quoting UCCA 1807). "Thus, judgment rendered in a small claims action will be overturned only if it is so shocking as to not be substantial justice' " (Coppola, 236 AD2d at 872; see Curto v Erie County [appeal No. 1], 154 AD3d 1319, 1319 [4th Dept 2017]; Mead Home Improvement, Inc. v Goldstein, 56 AD3d 1179, 1179 [4th Dept 2008]; Davis v Monroe Muffler/Brake & Serv., Inc., 50 AD3d 1544, 1544-1545 [4th Dept 2008]). As noted, that is the precise standard applied by County Court.
In any event, regardless of the standard of review, this case turned on credibility issues that the trial court resolved in defendant's favor, and, like County Court, we conclude that there [*2]is no basis in the record for us to disturb the trial court's credibility determinations.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court